IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JOHN BLAYLOCK, JR.,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:20-00156

UNITED PARCEL SERVICE, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Response to Order to Show Cause to extend time to serve defendant. (ECF No. 7.) On June 22, 2020, the court entered an Order requiring the plaintiff to demonstrate good cause for not serving the defendant with process within 90 days of filing of the complaint. (ECF No. 6.) Plaintiff timely filed his response on July 2, 2020. (See ECF No. 7.) In support of the motion, counsel for plaintiff asserts that good cause exists to permit service on defendant beyond the 90 day period required under Rule 4(m) of the Federal Rules of Civil Procedure. (See id.) Plaintiff explains that plaintiff filed his Amended Complaint on March 16, 2020, (see ECF No. 4), and that same day West Virginia Governor Jim Justice declared a statewide state of emergency in response to the ongoing global pandemic Covid-19. (ECF No. 7.) Plaintiff's counsel represents that "due to this state of

1

emergency, and the resulting limited staff and transition to remote work, Plaintiff's counsel was not able to timely serve this Amended Complaint within the required timeframe." (Id.) Plaintiff requests an additional 45 days to complete service on defendant. (Id.)

Under Rule 4, service must be perfected upon a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). If the plaintiff has not completed service within 90 days, the court must determine whether the plaintiff has shown good cause for failing to timely effect service. Id. The Fourth Circuit has explained that "good cause" in the context of Rule 4(m) "requires some showing of diligence on the part of the plaintiffs . . . [and] generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service." Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019). A "plaintiff bears the burden . . . of demonstrating good cause for any delay." Iskander v. Baltimore Cty., Md., 2011 WL 4632504, at *1 (D. Md. Oct. 3, 2011). Courts often look to several factors to guide their determination of whether a plaintiff has shown good cause, which "include whether: 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will

2

be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." Scott v. Maryland State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016) (citations omitted).  "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court.'" Collins v. Thornton, 782 F. App'x 264, 267 (4th Cir. 2019) (quoting Scott, 673 F. App'x at 306 (4th Cir. 2016)).

Here, plaintiff's explanation for his failure to serve defendants does not constitute good cause, as none of the factors weigh in favor of plaintiff.  Although Covid-19 has undoubtedly adversely affected many normal operations, COVID-19 regulations in the State of West Virginia did not require legal services to close.  Instead, legal services were specifically listed as "[p]rofessional services" that were exempted from the West Virginia Governor's restrictions limiting business activities. See W. Va. Executive Order No. 9-20 (Mar. 23, 2020).  If plaintiff's counsel was understaffed or overwhelmed, as counsel represents in the motion, counsel was free to file a motion for an extension of time to serve process.  Failure to effectuate timely service due to inadvertence, without reasonable efforts to find and correct such mistake, does not constitute good cause.

3

However, under Rule 4(m), "even if there is no good cause shown . . . [district] courts have been accorded discretion to enlarge" the period for service. Henderson v. United States, 517 U.S. 654, 662 (1996) (quoting Advisory Committee's Notes); see, e.g., Escalante v. Tobar Constr., Inc., 2019 WL 109369, at *3 (D. Md. Jan. 3, 2019).[1]  Courts have identified several non-exhaustive factors that guide the discretionary decision of whether to enlarge the service period.  Such factors include "(i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's pro se status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been

---

[1] After the Supreme Court's decision in Henderson, the Fourth Circuit recognized that district courts have discretion to "extend[] the time for proper service of process," even absent good cause. Scruggs v. Spartanburg Reg'l Med. Ctr., 1999 WL 957698, *2 (4th Cir. 1999).  This reading comports with the plain language of the 2015 revision to Rule 4(m), which states that a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added); see Robinson v. G D C, Inc., 193 F. Supp. 3d 577, 583 (E.D. Va. 2016); see also, e.g., United States v. Woods, 571 U.S. 31, 45 (2013) (recognizing that the word "or" "is almost always disjunctive" and thus the "words it connects are to 'be given separate meanings'").

extended." Robinson, 193 F. Supp. 3d at 580 (citing Kurka v. Iowa Cty., 628 F.3d 953, 959 (8th Cir. 2010); Newby v. Enron, 284 F. App'x. 146, 149-51 (5th Cir. 2008); Carter v. Keystone, 278 F. App'x. 141, 142 (3d Cir. 2008); Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008); Wright & Miller, *Federal Practice & Procedure: § 1137* (2015)).  The court now addresses these factors in turn.

First, it is unclear how defendant would suffer prejudice from extending plaintiff's time to serve.  Because the court cannot ascertain how defendant would be prejudiced by an extension of time, other than by the inherent prejudice in having to defend the suit, this factor supports permitting late service.  See Caimona, 2018 WL 6386023, at *6.  Second, the length of delay would not be excessive; the 90-day period for timely service has only recently passed and a 45-day extension is not a lengthy extension.  Third, the delay lies squarely within plaintiff's control and was the fault of plaintiff. Fourth, plaintiff failed to seek an extension before the deadline.  Fifth, there is no evidence that plaintiff has not been operating in good faith.  Sixth, plaintiff is not pro se but is represented by counsel.  Seventh, plaintiff has made no argument that a dismissal here would bar refiling of the action. Based upon a reading of the Amended Complaint, (ECF No. 4), plaintiff appears to allege that his injuries are ongoing.

5

However, the alleged wrongful termination (though plaintiff was ultimately rehired) occured in February 2018, which is two years prior to the filing of the original Complaint on February 27, 2020.  (ECF No. 1.)  And eighth, this is the first extension of time requested.

Half of the factors – the first, second, fifth, and eighth – stand in favor of granting an extension of time for service, while the third, fourth, and sixth factors support dismissal.  The seventh factor is unclear, and the court will not opine on the existence of any statute of limitations issues at this point without argument and briefing.  Viewing all eight factors, it is therefore a close call whether the court should grant an extension to plaintiff.

However, two additional considerations counsel that an extension would be appropriate.  First, in the event that factor seven is present (in that dismissal would bar refiling due to a statute of limitations problem), courts typically grant extra weight to this factor, which arguably weighs in favor of plaintiff here because it is possible that the statute of limitations would bar refiling.  See Caimona, 2018 WL 6386023, at *6.  And second, there is a preference to resolve cases on the merits rather than technical procedural grounds.  See, e.g., Foster v. Tannenbaum, 2016 WL 7379025, at *2 (S.D.W. Va. Dec. 20, 2016) (citing United States v. Shaffer Equip. Co., 11 F.3d

6

450, 453 (4th Cir. 1993)). Therefore, the court in its discretion will **EXTEND** the time for service of process pursuant to Rule 4(m). Plaintiff's time to serve the defendant with process is **EXTENDED** 45 days from the issuance of this order.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED this 14th day of July, 2020.

       **ENTER:**

       */s/ David A. Faber*
       David A. Faber
       Senior United States District Judge